**Betty L. ALLEN, Margaret Vidaure, and Ngoc Widdowson, Plaintiffs,**

v.

**INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, a Delaware corporation dba ITT Cannon, Defendants.**

No. CIV–94–0267–PHX–ROS.

United States District Court, D. Arizona.

Nov. 22, 1995.

Jack C. Levine, Phoenix, AZ, for plaintiffs.

Teresa D. Forst, John Alan Doran, Bryan Cave LLP, Phoenix, AZ, for defendants.

## ORDER

SILVER, District Judge.

On September 11, 1995, this Court heard oral argument on Defendant ITT Corporation's Motion for Summary Judgment and on a number of motions to strike bearing upon the resolution of the dispositive motion. At the conclusion of the argument, the Court indicated that it would grant Defendant's Motions to Strike and Motion for Summary Judgment, that it would deny Plaintiffs' Motion to Strike, and that a formal order would follow. This is that order.

## BACKGROUND

Plaintiffs Allen, Vidaure, and Widdowson ("Employees") commenced this suit against their former employer, Defendant ITT Corporation ("ITT" or "Employer"), alleging that ITT had laid them off in violation of the terms of an employee handbook that had been incorporated into their employment contracts. The handbook that was in effect when the Employees were hired provided that selection for layoff would be based upon seniority and also provided a means by which seniority could be exercised after layoff, i.e., through "bumping rights." As discovery progressed, the Employees' theory of the case evolved to the point where the basis for their claims was an alleged scheme by the Employer to circumvent the handbook's layoff provisions by laying off permanent employees with seniority and then rehiring junior employees as temporary workers.

ITT has urged that it is entitled to summary judgment on two grounds: either (1) the handbook was not part of the employment contracts, and Employees were at-will employees, subject to layoff or discharge at any time with or without cause; or (2) assuming that the handbook was part of the employment contracts, Employees were properly selected for layoff, and no positions existed for which they could exercise their bumping rights. ITT further maintains that the Employees have presented no facts to support their allegation that it engaged in any plot to deprive them of their rights under the handbook.

This Court rejected the Employer's first argument in the Order granting its Motion for Summary Judgment in the related case of *Demasse v. ITT Corp.*, 915 F.Supp. 1040 (D.Ariz.1995). In *Demasse*, the Court found that reasonable persons could differ as to whether the handbook was part of the employment contract. Declining to grant the Employer's motion for summary judgment on that basis, the Court nevertheless went on to grant the motion based upon changes in the employee handbook that do not affect the Employees in this case. The Court finds no reason to deviate from its holding in *Demasse*. Thus, if ITT is entitled to summary

judgment in the instant case, it will be because Employees have failed to demonstrate that a question of fact exists regarding whether the Employer followed its own guidelines in laying them off.

## DISCUSSION

### 1. Summary Judgment Standard

■ Summary judgment is appropriate if the pleadings and supporting materials show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988).

■ If the nonmoving party will bear the burden of proof at trial on any element essential to its case, that party can withstand a motion for summary judgment only by making a showing sufficient to establish a genuine issue of fact regarding that element and a showing that the dispute properly may be resolved only by the fact-finder because it could reasonably be resolved in favor of either party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321, 106 S.Ct. 2548, 2551–52, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

■ The moving party's initial burden is merely to identify for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact. *Celotex* at 323, 106 S.Ct. at 2552–53. The party opposing the motion must then present specific facts in support of its contentions and must support these facts by proper evidentiary material, which, when coupled with undisputed background and contextual facts, show that the factfinder could reasonably find in its favor; the nonmoving party cannot merely rest upon its pleadings. Fed.R.Civ.P. 56(e); *see also T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir.1987).

In the instant case, ITT's Motion for Summary Judgment is supported by an affidavit from Cindy Wiren, who was ITT's Human Resources Manager when the Employees were laid off. The "Wiren Affidavit" describes the circumstances surrounding the layoffs and explains in detail why no positions existed for which the Employees were eligible to exercise their seniority rights.

In support of their opposition to the Motion for Summary Judgment, the Employees offered four affidavits, one by each of the Employees and one by a Cynthia Smith, who held a supervisory position and claimed to have observed Plaintiffs Allen and Vidaure in connection with their work. Each of the Employees' affidavits describes the job history of the affiant and also names several other ITT employees holding positions to which the affiant claims bumping rights. Smith's affidavit states that she has observed Plaintiffs Allen and Vidaure on the job and that their skills and abilities are comparable to those of other employees that they want to bump.

### 2. ITT's First Motion to Strike

The Employer moved to strike these four affidavits, noting that the Employees' affidavits did not purport to be based upon personal knowledge and in fact could not be because the affiants had no previous access to the employment records of other ITT employees. Regarding the affidavit of Cynthia Smith, ITT points out that she never defines what skills and abilities are being compared or the time frames for comparisons.

In support of its Motion to Strike, ITT supplied an additional affidavit from Barbara Cole, ITT's "Human Resource Assistant" and custodian of records. Cole states in her affidavit that she was responsible for coordinating the exit paperwork and benefits for the Plaintiff Employees. She further states that she has reviewed the personnel records of the Plaintiffs as well as those of other employees holding positions for which the Plaintiffs claim bumping rights. She describes the job histories of each Plaintiff—job titles, labor grades, and job families—and also provides specifics as to other employees in whose jobs Plaintiffs claim to have bumping rights.

■ In order to satisfy the requirement of Rule 56(e), an affidavit must be based

upon personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated therein. The four affidavits offered in support of Employees' Opposition to Defendant's Motion for Summary Judgment are defective in all of these respects at least insofar as they refer by inadmissible evidence to the job histories and classifications of other ITT employees—the very facts that the Employees need to support their breach of contract claim.

### 3. Employees' Motion to Strike

The Employees then filed a "Motion to Strike Defendant's Motion and the Affidavit of Barbara Cole and/or Motion for Relief Under Rule 56(f)." They complained that Ms. Cole's affidavit was based upon information to which they had been denied access. They further urged that the Cole affidavit lacked the foundational elements required for the hearsay exception for business records under Fed.R.Evid. 803(6). As an alternative to striking the motion and affidavit, the Employees asked the Court to compel ITT to produce the personnel records upon which Ms. Cole had relied.

By the date of oral argument, both of Plaintiffs' objections had been cured. ITT had produced not only all of the documents upon which Ms. Cole had relied, but a second affidavit from her as well, which established all of the foundational elements required under Fed.R.Evid. 803(6). Consequently, the Court indicated that the Employer's Motion to Strike would be granted and the Employees' Motion to Strike would be denied.

### 4. ITT's Second Motion to Strike

As noted above, at some point during discovery, the Employees turned their focus away from their previous allegations that when they were laid off, positions existed for which they might have exercised their "bumping rights." Instead, they hoped to build their case by demonstrating that ITT had engaged in a "shameful and deceptive scheme to evade its responsibilities to its senior employees" by laying off junior employees, thus eliminating jobs in which Plaintiffs would have "bumping rights" and then rehiring junior employees as "temporary"

workers. The Employees thus filed an Additional Response and an Additional Statement of Facts Opposing the Employer's Motion for Summary Judgment.

Attached to the Employees' Additional Statement of Facts were new affidavits by the Employees. These affidavits, which *purport* to be based on personal knowledge, assert that certain junior employees whose jobs the Plaintiffs were eligible to perform were laid off and then subsequently rehired in order to circumvent the seniority provisions in the employee handbook.

■ As before, the Employer moved to strike these affidavits, charging that such facts as were presented among Employees' vague and unsubstantiated allegations were based primarily upon hearsay rather than personal knowledge. After reviewing these affidavits, the Court agrees. It is not enough that an affiant *assert* that he or she has personal knowledge of the facts recited; the facts themselves must show that they are matters known to the affiant personally and are not based upon hearsay or upon "information and belief." *E.g., Cermetek, Inc. v. Butler Avpak, Inc.,* 573 F.2d 1370, 1377 (9th Cir.1978). Here, the Employees' affidavits essentially consist of statements indicating that the affiants "came to know" other employees who worked in their job families; that they "became familiar" with the kinds of jobs they were doing and the labor grades assigned to them; that other employees would "frequently discuss" their jobs, job classifications, and seniority; and that other people with less seniority had been laid off and then rehired as temporary workers to do jobs for which the affiants were "eligible." Although the Employees claim to have personal knowledge of the facts stated, the statements themselves contradict this claim. It was for this reason that the Court indicated that it would grant the Employer's Motion to Strike these affidavits.

### CONCLUSION

■ The Employees have failed to controvert ITT's affidavits, which demonstrate that the layoffs were handled in accordance with the policies described in the employee hand-

book. The Employees have thus failed to demonstrate the existence of a genuine issue of material fact regarding whether ITT breached their contracts of employment. The Employer's Motion for Summary Judgment is therefore granted.

**IT IS ORDERED:**

1) granting Defendant's Motion for Summary Judgment (Document No. 63);

2) granting Defendant's Motion to Strike Affidavits of Betty Allen, Ngoc Widdowson, Cynthia Smith, and Margaret Vidaure (Document No. 78);

3) denying Plaintiffs' Motion to Strike Defendant's Motion and Affidavit of Barbara Cole and/or Motion for Relief Under Rule 56(f) (Document No. 82);

4) granting Defendant's Motion to Strike Plaintiffs' Affidavits (Document No. 120).